IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**SYDNEY FRAMES**                                                                                        **PLAINTIFF**

vs.                                    No. 4:17-cv-176-JLH

**ABC FINANCIAL SERVICES, INC.**                                                                        **DEFENDANT**

This case assigned to District Judge Holmes
and to Magistrate Judge Kearney

**ORIGINAL COMPLAINT**

COMES NOW Plaintiff Sydney Frames, by and through her attorneys Allison Koile and Dominique King of Sanford Law Firm, PLLC, and for her Original Complaint against Defendant ABC Financial Services, Inc., does hereby state and allege as follows:

**I.**

**NATURE OF THE ACTION**

1.      This is an employment discrimination action brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-f (5), et. seq., Americans with Disabilities Act of 1993 ("ADA") and the Arkansas Civil Rights Act of 1993, as codified at A.C.A. § 16-123-101, et. seq. ("ACRA").

2.      Plaintiff was employed by ABC Financial Services, Inc. (hereinafter "ABC"), as a technical support representative. Plaintiff worked for Defendant during the period relevant to this lawsuit.

3.      Defendant unlawfully discriminated against Plaintiff beginning in November of 2015 because of her pregnancy and perceived or actual disability of pregnancy, in

violation of Title VII, ADA and ACRA.

4. The violations of these federal and state acts ultimately led to Plaintiff's termination of employment from ABC.

## II.

## THE PARTIES

5. Plaintiff Sydney Frames ("Frames") is a resident of Pulaski, Arkansas.

6. Frames was formerly employed as a technical support representative for Defendant at ABC Financial Services, Inc., located at 8320 AR-107, Sherwood, Arkansas 72116, which is engaged in providing software and billing services for the health and fitness industry.

7. Frames' employment with ABC began in May of 2016, and it ended on or about January 19, 2017.

8. At all times relevant herein, Plaintiff was an "employee" as defined by Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-f (5), et. seq., Americans with Disabilities Act of 1993 ("ADA") and the Arkansas Civil Rights Act of 1993, as codified at A.C.A. § 16-123-101, et. seq. ("ACRA"),

9. Plaintiff was injured by the acts and omissions of Defendant during such time as she was entitled to the rights and protections of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-f (5), et. seq., Americans with Disabilities Act of 1993 ("ADA") and the Arkansas Civil Rights Act of 1993, as codified at A.C.A. § 16-123-101, et. seq. ("ACRA"),

10. Defendant ABC, is a domestic corporation, created and formerly existing under and by virtue of the laws of the state of Arkansas, with a principal place of business

in Sherwood, Arkansas.

11. Defendant's registered agent for service is Dylan Potts whose address for service is 425 West Capitol, Suite 3801, Little Rock, Arkansas 72201.

## III.

## JURISDICTION AND VENUE

12. The United States District Court for the Eastern District of Arkansas, Little Rock Division, has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331.

13. The acts complained of herein were committed and had their principal effect against Plaintiff within the Eastern District of Arkansas, Little Rock Division; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## IV.

## FACTUAL ALLEGATIONS

14. At all relevant times herein, Defendant has been a domestic for-profit corporation maintaining a place of business in Arkansas.

15. At all relevant times herein, Defendant was the "employer" of Plaintiff within the meaning of all applicable federal statutes and implementing regulations, including Title VII, ADA and ACRA.

16. At all relevant times herein, Plaintiff was Defendant's "employee" within the meaning of all applicable federal statutes and implementing regulations, including Title VII, ADA and ACRA.

17. Frames began working for ABC as a technical support representative in May of 2016.

18. Frames consistently excelled in her work at ABC. She received positive surveys and feedback regarding her performance.

19. Despite Frames' skills and qualifications, ABC discriminated against her based on her gender and her pregnancy by unwarranted discipline and, ultimately, termination.

20. In December of 2016, Frames notified human resources about her pregnancy. Frames informed the benefits specialist that she was high risk because of her age.

21. Frames experienced morning sickness during the early stages of her pregnancy and would have to get up more frequently during work periods.

22. Additionally, Frames would have to take restroom breaks more frequently.

23. Defendant would give verbal warnings to Frames regarding her time away from her desk.

24. Due to having hypoglycemia, Frames needed to make sure she ate small meals and snacks throughout the day, eating about every three hours. Defendant would require Frames to delay taking her lunch break and continue to take customer calls, despite her condition.

25. Shortly after reporting her pregnancy to human resources, Frames was terminated on or about January 19, 2017.

26. ABC attempted to justify her termination by citing to an alleged incident that had occurred more than three months prior.

27. Frames was terminated from her position due to her sex (female) and disability (pregnancy), in violation of Title VII of the Civil Rights Act of 1964, as amended,

the Americans with Disabilities Act of 1990, as amended and the Arkansas Civil Rights Act, because of her gender and disability and/or because Defendant regarded her as disabled.

28. More than thirty (30) days prior to the institution of this lawsuit, and within one hundred and eighty days of the condition precedent, on January 20, 2016, Sydney Frames filed a charge with the Equal Employment Opportunities Commission alleging violations of Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act of 1990, as amended and the Pregnancy Discrimination Act.

29. Plaintiff received a Notice of Rights Letter on January 31, 2016. All conditions precedent to the institution of this lawsuit have been fulfilled. See Exhibit "A."

## VI.

### COUNT ONE: TITLE VII CLAIMS AGAINST DEFENDANT ABC

30. Plaintiff Frames incorporates by reference the allegations contained in Paragraphs 1 through 38 as though set out in full.

31. Defendant engaged in unlawful employment practices, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-f (5), et. seq.

32. Defendant discriminated against Plaintiff by treating her differently from and less preferably than similarly situated male employees by subjecting Plaintiff to discriminatory practices, including unwarranted disciplinary actions and terminating her employment, in violation of Title VII.

33. Defendant discriminated against Plaintiff in violation of Title VII because of or on the basis of pregnancy and/or related medical conditions.

34. Plaintiff was not treated the same for all employment-related purposes,

including compensation, opportunities for promotion, discipline and other term of conditions of employment as other similarly-situated employees with similar ability or inability to work who were either non-pregnant or not known to be pregnant.

35. Defendant's policies, practices and/or procedures have had a disparate impact on Plaintiff with respect to the terms and conditions of her employment.

36. Defendant's conduct has been intentional, deliberate, willful, malicious, reckless, and/or conducted in callous disregard for the rights of Plaintiff, entitling Plaintiff to punitive damages.

37. As a result of Defendant's conduct alleged herein, Plaintiff has suffered and continues to suffer harm including but not limited to lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost interest and attorneys' fees and costs. Plaintiff is entitled to recover such monetary and other damages, punitive damages, interest, and attorneys' fees and costs from Defendant under Title VII.

## VII.

## COUNT TWO: ADA CLAIMS AGAINST DEFENDANT ABC

38. Plaintiff Frames incorporates by reference the allegations contained in Paragraphs 1 through 46 as though set out in full.

39. Defendant engaged in unlawful employment practices at their facility in violation of Sections 102(a) of the ADA, 42 U.S.C. § 12112(a).

40. Specifically, Defendant discharged Sydney Frames from her employment with Defendant because of her perceived disability.

41. At all relevant times, Plaintiff was a qualified individual with a perceived disability, namely pregnancy, within the meaning of the ADA, and could perform the

essential functions of the position from which she was removed.

42. Despite her ability to perform the essential function of her job, with or without reasonable accommodations, Plaintiff was terminated on or about January 19, 2017.

43. Plaintiff was pregnant in 2016, which is a qualified temporary disability or perceived disability as defined by the Americans with Disabilities Act of 1990 (the "ADA") and is substantially limited in performing one or more major life activities, including but not limited to walking, standing, and lifting.

44. At all times herein, Defendant failed to offer or provide any reasonable accommodation to Plaintiff, including, but not limited to, a reduced workload, reduced work hours, redistributing some of the tasks for which Plaintiff was responsible, or a temporary leave of absence, as is mandatory under ADA § 42 USCA § 12111, which states that a "reasonable accommodation" includes "job restructuring, part-time or modified work schedules, temporary leave of absences, or other similar accommodations for individuals with disabilities." *Id.*

45. The effect of the practices complained of above, has been to deprive Sydney Frames of equal employment opportunities and otherwise adversely affect her status as employee because of her disability or perceived disability.

46. The unlawful employment practices complained of above were and are intentional.

47. The unlawful employment practices complained of above were done with reckless indifference to the federally protected rights of Sydney Frames.

48. Pursuant to the Americans with Disabilities Act of 1990, Plaintiff is entitled to, and she seeks, an additional amount as liquidated damages equal to the sum of her

lost wages or salary, benefits and/or other compensation denied or loss to her by reason of Defendants' violations of the ADA, plus any interest she is entitled to for these causes, because Defendant's violations were not in good faith and Defendant had no reasonable grounds for believing that its actions were not in violation of the ADA.

## VIII.

### COUNT THREE: ACRA CLAIMS AGAINST ALL DEFENDANTS

49. Plaintiff Frames incorporates by reference the allegations contained in Paragraphs 1 through 58 as though set out in full.

50. Under the Arkansas Civil Rights Act of 1993 ("ACRA"), a person employed by an employer in the state of Arkansas has "the right of an otherwise qualified person to be free from discrimination because of race, religion, national origin, gender, or the presence of any sensory, mental, or physical disability is recognized as and declared to be a civil right." A.C.A. § 16-123-107.

51. Under ACRA, this right "shall include, but not be limited to: the right to obtain and hold employment without discrimination."

52. Plaintiff Frames was discharged from her employment by an Arkansas employer for her perceived or actual disability of pregnancy, which is a direct violation of ACRA.

53. Defendant acted willfully, intentionally, and with reckless disregard to Plaintiffs' rights under ACRA.

54. As a direct and proximate result of Defendant's actions, Plaintiff suffered injury and monetary damages, including but not limited to, past and future loss of income, benefits, promotions, expenses and costs, and Plaintiff is entitled to all legal and equitable

remedies available.

55. By reason of Defendant's discrimination, Plaintiff is entitled to all legal and equitable remedies available for violations of ACRA, including an award of liquidated damages for all willful violations, prejudgment interest, attorneys' fees and costs, and other compensation pursuant to A.C.A. § 16-123-107.

## X.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Sydney Frames requests that Defendant be summoned to appear and answer herein; for the entry of a declaratory judgment in favor of Plaintiff, decreeing that her state and federally protected rights have been violated; that this Court enter judgment in her favor and against Defendant ABC Financial Services, Inc., for an amount in excess of $25,000.00, plus interest, liquidated damages as that term is defined in the applicable state and federal laws, reasonable attorneys' fees, costs of action and other relief as this Court deems appropriate, including reinstatement and/or an appropriate award of front pay.

Respectfully submitted,

**PLAINTIFF SYDNEY FRAMES**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By: _/s/ Allison Koile_
Allison Koile
Ark. Bar No. 20011154
allison@sanfordlawfirm.com

and _/s/ Dominique King_
Dominique King
Ark. Bar No. 2015178
dominique@sanfordlawfirm.com